ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2569
    Facsimile:  (213) 894-7177
    E-mail: Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>$118,312.46 IN BANK FUNDS, ET AL.,<br><br>    Defendants.<br><br>SALEH MIZYED, ABDUL MIZYED AND ELSA MIZYED,<br><br>    Claimants. | No. CV 03-06809-AG(RNBx)<br><br>**Joint Rule 26 Report**<br><br>Scheduling Conf. Date: 8/23/10<br>Time: 9:00 a.m. |

    Pursuant to Fed. R. Civ. P. 26(f), counsel for plaintiff United States of America ("the government"), counsel for claimant Saleh Mizyed and counsel for claimants Abdul Mizyed and Elsa Mizyed hereby report as follows:

I.  Brief Statement Of The Case

Plaintiff United States of America has filed an *in rem* civil forfeiture Complaint against defendants $118,312.46 in Bank Funds (the "defendant bank funds"), et al., alleging that (1) the defendant bank funds are subject to forfeiture pursuant to 18 U.S.C. § 984 and 31 U.S.C. § 5317(c)(2) because they constitute property involved in violations of 31 U.S.C. §§ 5313(a), 5324(a) and 5325 (violations of structuring and financial institution currency transaction reporting laws); and (2) the defendant bank funds and the remaining defendant assets in this case[1] are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) & (C) and 21 U.S.C. § 881(a)(6) because they represent or are traceable to proceeds of narcotics trafficking and were involved in multiple money laundering transactions.[2]  Claimants Saleh Mizyed, Abdul

---

[1] The government reached settlement pursuant to consent judgments with former or potential claimants Ghaleb Mized, Ghalia Mizyed and General Motors Acceptance Corporation with respect to the defendant assets they claimed in this civil forfeiture proceeding.  See Docket Nos. 37 (Ghalia and Ghaleb Mizyed), 44 (Ghalia Mizyed) and 58 (General Motors Acceptance Corporation).  Accordingly, the only remaining claimants in this case are claimants Saleh Mizyed, Abdul Mizyed and Elsa Mizyed, and the defendant assets claimed by those parties are as follows:  (1) claimant Saleh Mizyed has asserted a claim to defendants $118,312.46 in Bank Funds, One 2003 Honda Accord EX, One 1999 Mercedes-Benz S500, $11,500.00 in U.S. Currency situated in Safe Deposit Box Number 1815, $3,994.00 in U.S. Currency and Associated Jewelry in Safe Deposit Box Number 1893 in the names of Abdul and Elsa Mizyed; and (2) claimants Abdul and Elsa Mizyed have asserted a claim to defendant Associated Jewelry in Safe Deposit Box Number 1893 in the names of Abdul and Elsa Mizyed.

[2] Pursuant to court order dated January 22, 2004 (Docket No. 25), this civil forfeiture action was stayed pending the resolution of the related criminal case, *United States v. Galeb Mizyed, et al.*, Case Number CR 03-398, in which claimant Saleh Mizyed, former claimants Ghaleb and Ghalia Mized, claimant Abdul Mizyed and approximately twenty four other individuals were named as defendants.  The stay was lifted by order filed April 27, 2010 (docket no. 67) as a result of the resolution of the criminal case.

Mizyed and Elsa Mizyed have filed claims to particular defendants and answered the complaint.

## II. Settlement

The parties are amenable to engaging in settlement negotiations as this case progresses. The parties request that, pursuant to Local Rule 16-14-4, they be permitted to utilize settlement procedure No. 1: a settlement conference before the magistrate judge assigned to this case. The government makes this request to proceed before a magistrate judge (rather than a private attorney in ADR) because forfeiture is a quasi-criminal, relatively obscure area of law in which magistrates have familiarity because of seizure warrants. While forfeiture cases proceed like other civil cases, they involve constitutional issues, such as search and seizure, excessiveness and due process, that judges are far better equipped to deal with than private attorneys, especially because those attorneys either practice against the government or lack knowledge of relevant federal law, which renders them ineffective in a settlement setting.

## III. Discovery Limits and Discovery Planning, Rule 26(f)(1)-(4)

The parties do not feel it necessary to change the timing, form or requirement for disclosures under Fed. R. Civ. P. 26(a). The parties agree that discovery should proceed as provided by the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(ii), this civil forfeiture case is exempt from the Fed. R. Civ. P. 26(a)(1) initial disclosure requirements. The government intends to serve written discovery and subpoenas, and to depose claimants and any other third parties who have knowledge of the facts pertinent to this case. Claimants intend to proceed with

discovery, as warranted, based upon the facts and evidence developed in this case.

IV. <u>Proposed Schedule of Pretrial Dates</u>

The parties suggest the following pretrial and trial dates:

| | |
|---|---|
| Last day to amend pleadings/add parties | Nov. 15, 2010 |
| Non-expert discovery cut-off | March 15, 2011 |
| Last day to exchange expert reports | March 15, 2011 |
| Last day to exchange rebuttal expert reports | March 28, 2011 |
| Expert discovery cut-off | April 11, 2011 |
| Motion hearing Cut-off | June 13, 2011 |
| Last day for settlement conference | July 1, 2011 |
| Pretrial conference | Aug. 15, 2011 |
| Trial | Aug. 30, 2011 |

Claimants have requested a jury trial. The parties estimate that the trial of this matter will take 5-6 court days.

V. <u>Likelihood Of Appearance Of Additional Parties</u>

Neither the government nor claimants anticipate the appearance of additional parties.

VI. <u>Complex case</u>

The parties agree that this case is not sufficiently complex as to require the utilization of the Manual for Complex Litigation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

VII. Other Issues

None.

DATED: August 12, 2010

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: August 11, 2010

LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.

RONALD RICHARDS

Attorney for Claimant
SALEH MIZYED

DATED: August 11, 2010

LAW OFFICES OF STANLEY L. FRIEDMAN

STANLEY L. FRIEDMAN

Attorney for Claimants
ABDUL MIZYED and ELSA MIZYED