```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  VICTOR A. RODGERS
    California Bar No. 101281
 6  Assistant United States Attorney
    Asset Forfeiture Section
 7       Federal Courthouse, 14th Floor
         312 North Spring Street
 8       Los Angeles, California 90012
         Telephone: (213) 894-2569
 9       Facsimile: (213) 894-7177
         E-mail: Victor.Rodgers@usdoj.gov
10
    Attorneys for Plaintiff
11  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>$118,312.46 IN BANK FUNDS SEIZED FROM HEMLOCK FEDERAL BANK ACCOUNT NUMBERS 20-00-069061, 20-50-22445 AND 20-00-069200; ONE 2003 HONDA ACCORD EX; ONE 1999 MERCEDES-BENZ S500; ONE 2001 GMC DENALI; ONE 2000 MERCEDES-BENZ S500; ONE 2003 HUMMER H2; ASSORTED JEWELRY SITUATED IN SAFE DEPOSIT BOX NUMBER 1893; $16,000.00 IN U.S. CURRENCY SITUATED IN SAFE DEPOSIT BOX NUMBER 1795; ASSORTED JEWELRY SITUATED IN SAFE DEPOSIT BOX NUMBER 1795; $11,500.00 IN U.S. CURRENCY SITUATED IN SAFE DEPOSIT BOX NUMBER 1815 | No. CV 03-06809-AG(RNBx)<br><br>[PROPOSED]<br><br>**CONSENT JUDGMENT OF FORFEITURE BETWEEN PLAINTIFF AND CLAIMANT SALEH MIZYED WITH RESPECT TO THE FOLLOWING DEFENDANT ASSETS ONLY: $118,312.36 IN BANK FUNDS SEIZED FROM HEMLOCK FEDERAL BANK ACCOUNT NUMBERS 20-00-069061, 20-50-22445 AND 20-00-69200; ONE 2003 HONDA ACCORD EX; ONE 1999 MERCEDES-BENZ S500; $11,500.00 IN U.S. CURRENCY SITUATED IN SAFE DEPOSIT BOX 1815; AND $3,994.00 IN U.S. CURRENCY**<br><br>[This Proposed Consent Judgment Is Not Dispositive Of This Entire Action] |

| | |
|---|---|
| 1 | AND $3,994.00 IN U.S. CURRENCY, ) |
| 2 | ) |
| 3 | Defendants. ) |
| 4 | ) |
| 5 | SALEH MIZYED, ABDUL MIZYED, ) AND ELSA MIZYED, ) |
| 6 | ) |
| 7 | Claimants. ) |

On or about October 1, 2003, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a First Amended Complaint for Forfeiture alleging that the defendants were subject to forfeiture pursuant to 18 U.S.C. § 981, 21 U.S.C. § 881 and 31 U.S.C. § 5317. The defendants named in the First Amended Complaint are:

(1) $118,312.46 in bank funds seized from Hemlock Federal Bank account numbers 20-00-069061, 20-50-22445 and 20-00-069200. The Hemlock Federal Bank accounts are in the names of Saleh Mizyed, Badeeh Mizyed and Galeb Mizyed;

(2) One 2003 Honda Accord EX, VIN number JHMCM56603C018686, registered to Saleh Mizyed at 6440 West 89th Place, Oak Lawn, Illinois and seized on or about April 15, 2003 from 6440 West 89th Place, Oak Lawn, Illinois;

(3) One 1999 Mercedes-Benz S500, VIN number WDBGA51G4XA418780, registered to Saleh Mizyed at 6440 West 89th Place, Oak Lawn, Illinois and seized on or about April 15, 2003 from 6440 West 89th Place, Oak Lawn, Illinois;

(4) One 2001 GMC Denali, VIN number 1GKEK63U31J172024;

(5) One 2000 Mercedes-Benz S500, VIN number WDBNG75JXYA049335, registered to Galeb Mizyed, 5911 W. 88th Place,

1  Oak Lawn, Illinois 60453 and seized on or about July 23, 2003 from
2  9830 Southwest Highway, Oak Lawn, Illinois 60453;
3       (6)  One 2003 Hummer H2, VIN number 5GRGN23U83H100667,
4  registered to Kandu Creations, LLC c/o Thoroughbred Records, 5206
5  Benito Street # 217 and seized on or about April 15, 2003 from 5911
6  West 88th Place, Oak Lawn, Illinois;
7       (7)  Assorted Jewelry Situated in Safe Deposit Box Number
8  1893, located at Hemlock Federal Bank, 8855 South Ridgeland Avenue,
9  Oak Lawn, Illinois 60453 and in the names of Abdul Mizyed and Elsa
10 Mizyed, which was seized on or about April 15, 2003;
11      (8)  $16,000.00 in U.S. Currency Situated in Safe Deposit Box
12 Number 1795, located at Hemlock Federal Bank, 8855 South Ridgeland
13 Avenue, Oak Lawn, Illinois 60453 and in the name of Ghalia Mizyed,
14 which was seized on or about April 15, 2003;
15      (9)  Assorted Jewelry Situated in Safe Deposit Box Number
16 1795, located at Hemlock Federal Bank, 8855 South Ridgeland Avenue,
17 Oak Lawn, Illinois 60453 and in the name of Ghalia Mizyed, which
18 was seized on or about April 15, 2003;
19      (10)  $11,500.00 in U.S. Currency situated in Safe Deposit Box
20 Number 1815, located at Hemlock Federal Bank, 8855 South Ridgeland
21 Avenue, Oak Lawn, Illinois 60453, which was seized on or about
22 April 15, 2003; and
23      (11)  $3,994.00 in U.S. Currency seized on or about April 15,
24 2003 from the person of Saleh Mizyed.
25      On or about November 25, 2003, claimant Saleh Mizyed filed a
26 claim to all of the defendants and an answer to the First Amended
27 Complaint.  By orders filed May 10, 2005 (docket no. 36), March 20,
28 2006 (docket no. 43), August 31, 2006 (docket no. 57) and October

6, 2010 (docket no. 78) based upon a stipulation between Saleh Mizyed and the government, Saleh Mizyed's claim to the following defendants were withdrawn and dismissed with prejudice: (1) One 2001 GMC Denali, One 2000 Mercedes-Benz S500 and Assorted Jewelry Situated in Safe Deposit Box Number 1795 pursuant to the order filed May 10, 2005; (2) $16,000.00 in U.S. Currency Situated in Safe Deposit Box Number 1795 pursuant to the order filed March 20, 2006; (3) One 2003 Hummer H2 pursuant to the order filed August 31, 2006; and (4) Assorted Jewelry Situated in Safe Deposit Box Number 1893 pursuant to the order filed October 6, 2010. Accordingly, claimant Saleh Mizyed's remaining claim in the case is to the following defendants only: $118,312.46 in bank funds seized from Hemlock Federal Bank account numbers 20-00-069061, 20-50-22445 and 20-00-069200, One 2003 Honda Accord EX, One 1999 Mercedes-Benz S500, $11,500.00 in U.S. Currency situated in Safe Deposit Box Number 1815 and $3,994.00 in U.S. Currency (collectively, the "Saleh Mizyed-claimed defendants").

On or about December 1, 2003, claimant Ghalia Mizyed filed a claim to contest the forfeiture of her interests in the following defendants: $118,312.46 in bank funds seized from Hemlock Federal Bank account numbers 20-00-069061, 20-50-22445 and 20-00-069200, One 2001 GMC Denali, One 2000 Mercedes-Benz S500, One 2003 Hummer H2, $16,000.00 in U.S. Currency Situated in Safe Deposit Box Number 1795, Assorted Jewelry Situated in Safe Deposit Box Number 1795 and $11,500.00 in U.S. Currency situated in Safe Deposit Box Number 1815. By consent judgment filed May 10, 2005 (docket no. 37), the government obtained a judgment as to claimant Ghalia Mizyed's interests in the Saleh Mizyed-claimed defendants which were also

4

1  claimed by Ghalia Mizyed (i.e., $118,312.46 in bank funds seized
2  from Hemlock Federal Bank account numbers 20-00-069061, 20-50-22445
3  and 20-00-069200 and $11,500.00 in U.S. Currency situated in Safe
4  Deposit Box Number 1815).  Accordingly, claimant Saleh Mizyed is
5  the sole remaining claimant to the Saleh Mizyed-claimed defendants.
6  On or about December 16, 2003, claimant Ghalia Mizyed filed an
7  answer to the First Amended Complaint.
8      On or about December 30, 2003, claimants Abdul Mizyed and Elsa
9  Mizyed filed claims to defendant Assorted Jewelry Situated in Safe
10 Deposit Box Number 1893.  On or about May 26, 2010, claimants Abdul
11 Mizyed and Elsa Mizyed filed their answers to the First Amended
12 Complaint.  No other claims or answers have been filed in this
13 action.
14     The government, on the one hand, and claimant Saleh Mizyed, on
15 the other hand, have agreed to settle this action relative to the
16 disputes between them by entering into this Consent Judgment of
17 Forfeiture with respect to the Saleh Mizyed-claimed defendants.
18     The Court, having been duly advised of and having considered
19 the matter, and based upon the mutual consent of the parties
20 hereto,
21     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:
22     1.  This Court has jurisdiction over the subject matter of
23 this action and the parties to this Consent Judgment of Forfeiture.
24     2.  As between plaintiff, on the one hand, and claimant Saleh
25 Mizyed, on the other hand, with respect to the Saleh Mizyed-claimed
26 defendants, the Complaint for Forfeiture states a claim for relief
27 pursuant to 18 U.S.C. § 981, 21 U.S.C. § 881 and 31 U.S.C. § 5317.
28 / / /

3. Notice of this action has been given as required by law. No appearances have been made in the litigation by any person with respect to the Saleh-Mizyed claimed defendants other than claimant Saleh Mizyed. The Court deems that all other claimants and potential claimants admit the allegations of the Complaint for Forfeiture to be true with respect to the Saleh Mizyed-claimed defendants.

4. The defendants One 2003 Honda Accord EX and One 1999 Mercedes-Benz S500 shall be returned to claimant Saleh Mizyed in the manner described in paragraph 6 below. In addition, the sum of $15,494.00 only (without interest), less any debts or other amounts owed by claimant Saleh Mizyed or his attorney of record in this case which the United States of America is entitled to offset pursuant to 31 U.S.C. § 3716,[1] shall be returned to claimant Saleh Mizyed. The remainder of the Saleh Mizyed-claimed defendants (i.e., $118,312.46 in bank funds seized from Hemlock Federal Bank account numbers 20-00-069061, 20-50-22445 and 20-00-069200), plus the interest earned by the United States of America on the Saleh Mizyed-claimed defendants shall be condemned and forfeited to the United States of America, which shall dispose of those funds in accordance with law.

---

[1] 31 U.S.C. § 3716, the Debt Collection Improvement Act of 1996 requires the United States of America to offset from its payments delinquent non-tax debts owed to the United States of America and delinquent debts owed to States, including past-due child support enforced by States. For purposes of determining an offset pursuant to 31 U.S.C. § 3716, one-half of the $15,494.00 returned amount (i.e., $7,747.00) shall be deemed to constitute attorney fees belonging to clamant Saleh Mizyed's attorney of record in this case (i.e., the Law Offices of Ronald Richards & Associates, A.P.C.), while the remaining one-half of the $15,494.00 returned amount (i.e., $7,747.00) shall be deemed to belong to claimant Saleh Mizyed.

6

5. The funds to be returned to claimant Saleh Mizyed pursuant to paragraph 4 above shall be paid to claimant Saleh Mizyed by electronic transfer directly into the client trust account of Ronald Richards, Esq., attorney of record for claimant Saleh Mizyed in this case. Claimant Saleh Mizyed (through his attorney of record Ronald Richards, Esq.) shall provide all information and complete all documents requested by the United States of America in order for the United States of America to complete the transfer and determine the government's right to any offset pursuant to 31 U.S.C. § 3716 including, without limitation, providing claimant Saleh Mizyed's social security and taxpayer identification numbers, claimant Saleh Mizyed's attorney of record's taxpayer identification number, and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the Ronald Richards client trust account to which the transfer of funds is to be made.

6. The defendants One 2003 Honda Accord EX and One 1999 Mercedes-Benz S500 shall be returned to claimant Saleh Mizyed by making them available for pick up by claimant Saleh Mizyed within sixty (60) days after this Consent Judgment of Forfeiture is filed. Claimant Saleh Mizyed may be contacted care of his attorney, Ronald Richards, Esq. or Nicholas Bravo, Esq., Law Offices of Ronald Richards & Associates, A Professional Corporation, P.O. Box 11480, Beverly Hills, California 90213, telephone Number 310.556.1001, facsimile number 310.277.3325. Should claimant Saleh Mizyed fail to pick up defendants One 2003 Honda Accord EX and One 1999 Mercedes-Benz S500 within sixty (60) days after the government

makes the vehicles available for pick up by claimant Saleh Mizyed, then defendants One 2003 Honda Accord EX and One 1999 Mercedes-Benz S500 shall be condemned and forfeited to the United States of America, which shall dispose of the vehicles in accordance with law.

7. Claimant Saleh Mizyed hereby releases the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration and the Department of Justice and their respective agencies, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs, and interest, which may be asserted by or on behalf of claimant Saleh Mizyed, whether pursuant to 28 U.S.C. § 2465 or otherwise.

8. As between plaintiff, on the one hand, and claimant Saleh Mizyed, on the other hand, with respect to the Saleh Mizyed-claimed defendants, the Court finds that there was reasonable cause for the seizure of the Saleh Mizyed-claimed defendants and institution of these proceedings against the Saleh Mizyed-claimed defendants. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as between plaintiff, on the one hand, and claimant Saleh Mizyed, on the other hand, with respect to the Saleh Mizyed-claimed defendants.

/ / /

9.   The Court further finds that claimant Saleh Mizyed did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

DATED:_____

_____
THE HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

CONSENT

The parties hereto consent to the above judgment and waive any right to appeal this consent judgment.

DATED: _February 23_, 2011

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: _FEBRUARY 18_, 2011

LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.

_____
RONALD RICHARDS
NICHOLAS BRAVO

Attorneys for Claimant
SALEH MIZYED