1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   STEVEN R. WELK
4  Assistant United States Attorney
   Chief, Asset Forfeiture Section
5  VICTOR A. RODGERS
   California Bar No. 101281
6  Assistant United States Attorney
   Asset Forfeiture Section
7       Federal Courthouse, 14th Floor
        312 North Spring Street
8       Los Angeles, California 90012
        Telephone: (213) 894-2569
9       Facsimile: (213) 894-7177
        E-mail: Victor.Rodgers@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR - 2 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

JS6

NOTE CHANGES MADE BY THE COURT

12              UNITED STATES DISTRICT COURT

13          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14                     WESTERN DIVISION

15 UNITED STATES OF AMERICA,    )   No. CV 03-06809-AG(RNBx)
                                )
16           Plaintiff,         )   ~~[PROPOSED]~~
                                )
17          v.                  )   CONSENT JUDGMENT OF FORFEITURE
                                )   BETWEEN PLAINTIFF AND CLAIMANT
18                              )   SALEH MIZYED WITH RESPECT TO
                                )   THE FOLLOWING DEFENDANT ASSETS
19 $118,312.46 IN BANK FUNDS    )   ONLY: $118,312.36 IN BANK FUNDS
   SEIZED FROM HEMLOCK FEDERAL  )   SEIZED FROM HEMLOCK FEDERAL
20 BANK ACCOUNT NUMBERS         )   BANK ACCOUNT NUMBERS 20-00-
   20-00-069061, 20-50-22445    )   069061, 20-50-22445 AND 20-00-
21 AND 20-00-069200; ONE 2003   )   69200; ONE 2003 HONDA ACCORD
   HONDA ACCORD EX; ONE 1999    )   EX; ONE 1999 MERCEDES-BENZ
22 MERCEDES-BENZ S500; ONE      )   S500; $11,500.00 IN U.S.
   2001 GMC DENALI; ONE 2000    )   CURRENCY SITUATED IN SAFE
23 MERCEDES-BENZ S500; ONE 2003 )   DEPOSIT BOX 1815; AND $3,994.00
   HUMMER H2; ASSORTED JEWELRY  )   IN U.S. CURRENCY
24 SITUATED IN SAFE DEPOSIT     )
   BOX NUMBER 1893; $16,000.00  )   [This Proposed Consent Judgment
25 IN U.S. CURRENCY SITUATED    )   Is Not Dispositive Of This
   IN SAFE DEPOSIT BOX NUMBER   )   Entire Action]
26 1795; ASSORTED JEWELRY       )
   SITUATED IN SAFE DEPOSIT     )
27 BOX NUMBER 1795; $11,500.00  )
   IN U.S. CURRENCY SITUATED IN )
28 SAFE DEPOSIT BOX NUMBER 1815 )

```
 1  AND $3,994.00 IN U.S.          )
    CURRENCY,                      )
 2                                 )
                                   )
 3          Defendants.            )
                                   )
 4  _____)
                                   )
 5  SALEH MIZYED, ABDUL MIZYED,    )
    AND ELSA MIZYED,               )
 6                                 )
            Claimants.             )
 7  _____)
```

 8      On or about October 1, 2003, Plaintiff United States of

 9  America ("the government," "the United States of America" or

10  "plaintiff") filed a First Amended Complaint for Forfeiture

11  alleging that the defendants were subject to forfeiture pursuant to

12  18 U.S.C. § 981, 21 U.S.C. § 881 and 31 U.S.C. § 5317.  The

13  defendants named in the First Amended Complaint are:

14      (1)  $118,312.46 in bank funds seized from Hemlock Federal

15  Bank account numbers 20-00-069061, 20-50-22445 and 20-00-069200.

16  The Hemlock Federal Bank accounts are in the names of Saleh Mizyed,

17  Badeeh Mizyed and Galeb Mizyed;

18      (2)  One 2003 Honda Accord EX, VIN number JHMCM56603C018686,

19  registered to Saleh Mizyed at 6440 West 89th Place, Oak Lawn,

20  Illinois and seized on or about April 15, 2003 from 6440 West 89th

21  Place, Oak Lawn, Illinois;

22      (3)  One 1999 Mercedes-Benz S500, VIN number

23  WDBGA51G4XA418780, registered to Saleh Mizyed at 6440 West 89th

24  Place, Oak Lawn, Illinois and seized on or about April 15, 2003

25  from 6440 West 89th Place, Oak Lawn, Illinois;

26      (4)  One 2001 GMC Denali, VIN number 1GKEK63U31J172024;

27      (5)  One 2000 Mercedes-Benz S500, VIN number

28  WDBNG75JXYA049335, registered to Galeb Mizyed, 5911 W. 88th Place,

                                    2

Oak Lawn, Illinois 60453 and seized on or about July 23, 2003 from 9830 Southwest Highway, Oak Lawn, Illinois 60453;

(6)   One 2003 Hummer H2, VIN number 5GRGN23U83H100667, registered to Kandu Creations, LLC c/o Thoroughbred Records, 5206 Benito Street # 217 and seized on or about April 15, 2003 from 5911 West 88th Place, Oak Lawn, Illinois;

(7)   Assorted Jewelry Situated in Safe Deposit Box Number 1893, located at Hemlock Federal Bank, 8855 South Ridgeland Avenue, Oak Lawn, Illinois 60453 and in the names of Abdul Mizyed and Elsa Mizyed, which was seized on or about April 15, 2003;

(8)   $16,000.00 in U.S. Currency Situated in Safe Deposit Box Number 1795, located at Hemlock Federal Bank, 8855 South Ridgeland Avenue, Oak Lawn, Illinois 60453 and in the name of Ghalia Mizyed, which was seized on or about April 15, 2003;

(9)   Assorted Jewelry Situated in Safe Deposit Box Number 1795, located at Hemlock Federal Bank, 8855 South Ridgeland Avenue, Oak Lawn, Illinois 60453 and in the name of Ghalia Mizyed, which was seized on or about April 15, 2003;

(10)   $11,500.00 in U.S. Currency situated in Safe Deposit Box Number 1815, located at Hemlock Federal Bank, 8855 South Ridgeland Avenue, Oak Lawn, Illinois 60453, which was seized on or about April 15, 2003; and

(11)   $3,994.00 in U.S. Currency seized on or about April 15, 2003 from the person of Saleh Mizyed.

On or about November 25, 2003, claimant Saleh Mizyed filed a claim to all of the defendants and an answer to the First Amended Complaint.  By orders filed May 10, 2005 (docket no. 36), March 20, 2006 (docket no. 43), August 31, 2006 (docket no. 57) and October

6, 2010 (docket no. 78) based upon a stipulation between Saleh Mizyed and the government, Saleh Mizyed's claim to the following defendants were withdrawn and dismissed with prejudice:   (1) One 2001 GMC Denali, One 2000 Mercedes-Benz S500 and Assorted Jewelry Situated in Safe Deposit Box Number 1795 pursuant to the order filed May 10, 2005; (2) $16,000.00 in U.S. Currency Situated in Safe Deposit Box Number 1795 pursuant to the order filed March 20, 2006; (3) One 2003 Hummer H2 pursuant to the order filed August 31, 2006; and (4) Assorted Jewelry Situated in Safe Deposit Box Number 1893 pursuant to the order filed October 6, 2010.   Accordingly, claimant Saleh Mizyed's remaining claim in the case is to the following defendants only: $118,312.46 in bank funds seized from Hemlock Federal Bank account numbers 20-00-069061, 20-50-22445 and 20-00-069200, One 2003 Honda Accord EX, One 1999 Mercedes-Benz S500, $11,500.00 in U.S. Currency situated in Safe Deposit Box Number 1815 and $3,994.00 in U.S. Currency (collectively, the "Saleh Mizyed-claimed defendants").

On or about December 1, 2003, claimant Ghalia Mizyed filed a claim to contest the forfeiture of her interests in the following defendants: $118,312.46 in bank funds seized from Hemlock Federal Bank account numbers 20-00-069061, 20-50-22445 and 20-00-069200, One 2001 GMC Denali, One 2000 Mercedes-Benz S500, One 2003 Hummer H2, $16,000.00 in U.S. Currency Situated in Safe Deposit Box Number 1795, Assorted Jewelry Situated in Safe Deposit Box Number 1795 and $11,500.00 in U.S. Currency situated in Safe Deposit Box Number 1815.   By consent judgment filed May 10, 2005 (docket no. 37), the government obtained a judgment as to claimant Ghalia Mizyed's interests in the Saleh Mizyed-claimed defendants which were also

4

1  claimed by Ghalia Mizyed (i.e., $118,312.46 in bank funds seized

2  from Hemlock Federal Bank account numbers 20-00-069061, 20-50-22445

3  and 20-00-069200 and $11,500.00 in U.S. Currency situated in Safe

4  Deposit Box Number 1815).  Accordingly, claimant Saleh Mizyed is

5  the sole remaining claimant to the Saleh Mizyed-claimed defendants.

6  On or about December 16, 2003, claimant Ghalia Mizyed filed an

7  answer to the First Amended Complaint.

8      On or about December 30, 2003, claimants Abdul Mizyed and Elsa

9  Mizyed filed claims to defendant Assorted Jewelry Situated in Safe

10 Deposit Box Number 1893.  On or about May 26, 2010, claimants Abdul

11 Mizyed and Elsa Mizyed filed their answers to the First Amended

12 Complaint.  No other claims or answers have been filed in this

13 action.

14     The government, on the one hand, and claimant Saleh Mizyed, on

15 the other hand, have agreed to settle this action relative to the

16 disputes between them by entering into this Consent Judgment of

17 Forfeiture with respect to the Saleh Mizyed-claimed defendants.

18     The Court, having been duly advised of and having considered

19 the matter, and based upon the mutual consent of the parties

20 hereto,

21     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, ASSUMING ALL
   STATEMENTS IN THIS DOCUMENT ARE CORRECT,

22     1.    This Court has jurisdiction over the subject matter of

23 this action and the parties to this Consent Judgment of Forfeiture.

24     2.    As between plaintiff, on the one hand, and claimant Saleh

25 Mizyed, on the other hand, with respect to the Saleh Mizyed-claimed

26 defendants, the Complaint for Forfeiture states a claim for relief

27 pursuant to 18 U.S.C. § 981, 21 U.S.C. § 881 and 31 U.S.C. § 5317.

28 / / /

3.   Notice of this action has been given as required by law.
No appearances have been made in the litigation by any person with
respect to the Saleh-Mizyed claimed defendants other than claimant
Saleh Mizyed.   The Court deems that all other claimants and
potential claimants admit the allegations of the Complaint for
Forfeiture to be true with respect to the Saleh Mizyed-claimed
defendants.

4.   The defendants One 2003 Honda Accord EX and One 1999
Mercedes-Benz S500 shall be returned to claimant Saleh Mizyed in
the manner described in paragraph 6 below.   In addition, the sum of
$15,494.00 only (without interest), less any debts or other amounts
owed by claimant Saleh Mizyed or his attorney of record in this
case which the United States of America is entitled to offset
pursuant to 31 U.S.C. § 3716,[1] shall be returned to claimant Saleh
Mizyed.   The remainder of the Saleh Mizyed-claimed defendants
(i.e., $118,312.46 in bank funds seized from Hemlock Federal Bank
account numbers 20-00-069061, 20-50-22445 and 20-00-069200), plus
the interest earned by the United States of America on the Saleh
Mizyed-claimed defendants shall be condemned and forfeited to the
United States of America, which shall dispose of those funds in
accordance with law.

[1]31 U.S.C. § 3716, the Debt Collection Improvement Act of 1996
requires the United States of America to offset from its payments
delinquent non-tax debts owed to the United States of America and
delinquent debts owed to States, including past-due child support
enforced by States.   For purposes of determining an offset pursuant
to 31 U.S.C. § 3716, one-half of the $15,494.00 returned amount (i.e.,
$7,747.00) shall be deemed to constitute attorney fees belonging to
clamant Saleh Mizyed's attorney of record in this case (i.e., the Law
Offices of Ronald Richards & Associates, A.P.C.), while the remaining
one-half of the $15,494.00 returned amount (i.e., $7,747.00) shall be
deemed to belong to claimant Saleh Mizyed.

6

5.   The funds to be returned to claimant Saleh Mizyed
pursuant to paragraph 4 above shall be paid to claimant Saleh
Mizyed by electronic transfer directly into the client trust
account of Ronald Richards, Esq., attorney of record for claimant
Saleh Mizyed in this case.   Claimant Saleh Mizyed (through his
attorney of record Ronald Richards, Esq.) shall provide all
information and complete all documents requested by the United
States of America in order for the United States of America to
complete the transfer and determine the government's right to any
offset pursuant to 31 U.S.C. § 3716 including, without limitation,
providing claimant Saleh Mizyed's social security and taxpayer
identification numbers, claimant Saleh Mizyed's attorney of
record's taxpayer identification number, and the identity of the
bank, the bank's address and the account name, account number,
account type and wire transfer routing number for the Ronald
Richards client trust account to which the transfer of funds is to
be made.

6.   The defendants One 2003 Honda Accord EX and One 1999
Mercedes-Benz S500 shall be returned to claimant Saleh Mizyed by
making them available for pick up by claimant Saleh Mizyed within
sixty (60) days after this Consent Judgment of Forfeiture is filed.
Claimant Saleh Mizyed may be contacted care of his attorney, Ronald
Richards, Esq. or Nicholas Bravo, Esq., Law Offices of Ronald
Richards & Associates, A Professional Corporation, P.O. Box 11480,
Beverly Hills, California 90213, telephone Number 310.556.1001,
facsimile number 310.277.3325.   Should claimant Saleh Mizyed fail
to pick up defendants One 2003 Honda Accord EX and One 1999
Mercedes-Benz S500 within sixty (60) days after the government

1   makes the vehicles available for pick up by claimant Saleh Mizyed,
2   then defendants One 2003 Honda Accord EX and One 1999 Mercedes-Benz
3   S500 shall be condemned and forfeited to the United States of
4   America, which shall dispose of the vehicles in accordance with
5   law.

6        7.   Claimant Saleh Mizyed hereby releases the United States
7   of America, its agencies, agents, officers, employees and
8   representatives, including, without limitation, all agents,
9   officers, employees and representatives of the Drug Enforcement
10  Administration and the Department of Justice and their respective
11  agencies, as well as all agents, officers, employees and
12  representatives of any state or local governmental or law
13  enforcement agency involved in the investigation or prosecution of
14  this matter, from any and all claims, actions, or liabilities
15  arising out of or related to this action, including, without
16  limitation, any claim for attorney fees, costs, and interest, which
17  may be asserted by or on behalf of claimant Saleh Mizyed, whether
18  pursuant to 28 U.S.C. § 2465 or otherwise.

19       8.   As between plaintiff, on the one hand, and claimant Saleh
20  Mizyed, on the other hand, with respect to the Saleh Mizyed-claimed
21  defendants, the Court finds that there was reasonable cause for the
22  seizure of the Saleh Mizyed-claimed defendants and institution of
23  these proceedings against the Saleh Mizyed-claimed defendants.
24  This judgment shall be construed as a certificate of reasonable
25  cause pursuant to 28 U.S.C. § 2465 as between plaintiff, on the one
26  hand, and claimant Saleh Mizyed, on the other hand, with respect to
27  the Saleh Mizyed-claimed defendants.
28  / / /

9.    The Court further finds that claimant Saleh Mizyed did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

DATED: MARCH 2, 2011

THE HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE